**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TERRY L. HICKS,**

       **Plaintiff,**

  vs.                                           Civil Action 2:08-CV-381
                                                  Judge Graham
                                                  Magistrate Judge King

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

       **Defendant.**

## OPINION AND ORDER

Plaintiff in this action challenges the final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits. In a *Report and Recommendation* issued August 3, 2009, the United States Magistrate Judge found that the administrative law judge's decision applied all relevant laws and standards regarding plaintiff's claims and that the administrative law judge's findings and conclusions enjoy substantial support in the record. *Report and Recommendation,* Doc. No. 16. It was therefore recommended that the decision of the Commissioner be affirmed. *Id.* This matter is now before the Court on plaintiff's *Objections*, Doc. No. 17, to which the Commissioner has filed a response, Doc. No. 18. The Court will consider the *Objections*, and the *Report and Recommendation*, *de novo*. *See* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

Plaintiff complains that neither the Commissioner nor the Magistrate Judge adequately considered the effects of plaintiff's obesity on his ability to engage in work-related activities, particularly as his obesity might cause fatigue. However, as the Magistrate Judge noted, the administrative law judge clearly considered the combined effects of all of plaintiff's impairments, including his obesity. Moreover, the medical

expert expressly testified, in response to questioning by both the administrative law judge and plaintiff's counsel, that he took into account "the exacerbations that would come into play regarding plaintiff's obesity." *A.R.* 308. The Court agrees that the administrative law judge's decision in this regard conforms to Social Security Ruling 02-01p, 2000 WL 628049, and is supported by substantial evidence.

Plaintiff also challenges the finding by the administrative law judge that plaintiff is able to perform his past relevant work as a cashier supervisor. Plaintiff specifically argues that his mental impairments preclude the performance of the job as it is generally performed and that his physical impairments preclude his performance of the job as he actually performed it.[1]

The administrative law judge found that, because plaintiff's medically determinable mental impairments cause no more than mild limitation of function, plaintiff does not suffer a severe impairment. *A.R.* 34. Indeed, the administrative law judge did not include any mental impairment in his findings relating to plaintiff's residual functional capacity. Plaintiff did not challenge that finding in his *Statement of Errors*, Doc. No. 11. The Court concludes that the decision of the administrative law judge in this regard is supported by substantial evidence. The only evidence upon which plaintiff relies in making this argument is the consultative psychological evaluation conducted by Scott Lewis Donaldson, Ph.D., *A.R.* 162-66, who diagnosed a mood disorder and an anxiety disorder and who assessed a global assessment of functioning of 50-55, which is suggestive of moderate dysfunction. Dr. Donaldson

---

[1]The Court notes that plaintiff's argument relating to the mental demands of the position of cashier supervisor as generally performed was not raised prior to his *Objections* to the *Report and Recommendation*.

specifically concluded that plaintiff had no impairment in his ability to understand, remember and carry out 1- and 2-step job instructions, and was only mildly limited in his ability to attend to relevant stimuli, to relate to others and to tolerate the stress and pressures of daily work. *A.R.* 166.[2]

Dr. Donaldson's report does not foreclose a finding that plaintiff can perform more than 1- and 2-step job instructions. Moreover, there is substantial support in the record for the administrative law judge's finding that plaintiff does not suffer a severe mental impairment. Accordingly, plaintiff's contention that his residual functional capacity does not permit the performance of his prior relevant work as a cashier supervisor as generally performed is without merit. Moreover, as noted in the *Report and Recommendation*, plaintiff does not contend that his physical impairments preclude him from performing the job as it is generally performed. *See Studaway v. Sec'y of Health & Human Servs*, 815 F.2d 1014, 1076 (6th Cir. 1987). Thus, the administrative law judge did not err in this regard.

Accordingly, plaintiff's *Objections* to the *Report and Recommendation* are **DENIED**. The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED**. The decision of the Commissioner is **AFFIRMED** and this action is hereby **DISMISSED**.

The Clerk shall **ENTER FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

---

[2] The Court notes that a state agency reviewing psychologist concluded that plaintiff does not suffer a severe mental impairment. *A.R.* 167. Lee Roy Davis, M.D., plaintiff's primary care physician, noted a complaint of "being kind of depressed," *A.R.* 226, a condition that plaintiff "has had most of his life." *Id.*

3

**It is so ORDERED.**

                                               <u>s/ James L. Graham</u>
                                               JAMES L. GRAHAM
                                               United States District Judge

**DATE**: September 24, 2009